**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THE GOOD NITE LITE LLC,<br>a Georgia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KEEN DISTRIBUTION, LLC<br>an Arizona Limited Liability Company,<br><br>and<br><br>GILT GROUPE, INC.,<br>a Delaware Corporation,<br><br>Defendants. | ) | Civil Action No. 1:11-cv-01555-WSD<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS OF GILT GROUPE, INC.**

Defendant Gilt Groupe, Inc. ("Gilt Groupe") responds to the Complaint of The Good Nite Lite LLC ("Good Nite") as follows:

**INTRODUCTION**

1. Gilt Groupe admits that the Complaint purports to set out a claim for patent infringement under Title 35 of the United States Code.

**THE PARTIES**

2. Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 2 of the Complaint, and, on that basis, denies them.

3. The allegations at Paragraph 3 are directed to a defendant other than Gilt Groupe, and on that basis, no response is required. To the extent a response is required, Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 3 of the Complaint as they relate to Defendant Keen Distribution, LLC ("Keen"), and, on that basis, denies them.

4. Gilt Groupe admits that it is Delaware corporation and its principle place of business is located at 2 Park Avenue, 4th Floor, New York, New York 10016.

**JURISDICTION AND VENUE**

5. Subject to Gilt Groupe's affirmative defenses and denials, Gilt Groupe admits for jurisdictional purposes only that federal district courts have subject matter jurisdiction over the causes of action alleged in this matter.

6. Gilt Groupe admits that it transacts business and/or offers to transact business within Georgia. To the extent that the allegations of Paragraph 6 are

directed to a defendant other than Gilt Groupe, no response by Gilt Groupe is required. To the extent a response is required, Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 6 of the Complaint as they relate to Defendant Keen, and, on that basis, denies them. The remaining allegations of Paragraph 6 of the Complaint state legal conclusions for which no responses are necessary.

7. Gilt Groupe denies the allegations of Paragraph 7 of the Complaint because a change of venue under 28 U.S.C. § 1404 is appropriate.

**COUNT ONE: PATENT INFRINGEMENT**

8. Gilt Groupe incorporates by reference its responses to each and every preceding allegation set forth above.

9. Gilt Groupe admits that a copy of U.S. Patent No. 7,683,763 ("the '763 patent"), attached as Exhibit A to the Complaint, is titled "Night Light Wake Up Indicator." Gilt Groupe denies that the issue date set forth on the '763 patent is June 3, 2010. Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the remaining allegations of Paragraph 9 of the Complaint, and, on that basis, denies them.

10. Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 10 of the Complaint, and, on that basis, denies them.

11. Gilt Groupe denies the allegations of Paragraph 11 of the Complaint.

12. Gilt Groupe denies the allegations of Paragraph 12 of the Complaint.

13. Gilt Groupe denies the allegations of Paragraph 13 of the Complaint that are directed to Gilt Groupe. To the extent the allegations of Paragraph 13 are directed to a defendant other than Gilt Groupe, no response by Gilt Groupe is required. To the extent a response is required, Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 13 of the Complaint as they relate to Defendant Keen, and, on that basis, denies them.

14. Gilt Groupe denies allegations of Paragraph 14 of the Complaint.

15-26. Paragraphs 15-26 recite elements of certain claims of the '763 patent. The meanings of claim terms are solely a matter of law exclusively for determination by the Court, and therefore require a legal conclusion. Moreover, these allegations are premature because the Court has not construed the claim terms of the '763 patent, as per Patent L.R. 6, nor has Good Nite provided its

proposed constructions of the claim terms of the '763 patent. Accordingly, based on the foregoing, Gilt Groupe denies the allegations of Paragraphs 15-26.

27. Gilt Groupe denies the allegations of Paragraph 27 of the Complaint that are directed to Gilt Groupe. To the extent the allegations of Paragraph 27 are directed to a defendant other than Gilt Groupe, no response by Gilt Groupe is required. To the extent a response is required, Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 27 of the Complaint as they relate to Defendant Keen, and, on that basis, denies them.

28. Gilt Groupe denies the allegations of Paragraph 28 of the Complaint that are directed to Gilt Groupe. To the extent the allegations of Paragraph 28 are directed to a defendant other than Gilt Groupe, no response by Gilt Groupe is required. To the extent a response is required, Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 28 of the Complaint as they relate to Defendant Keen, and, on that basis, denies them.

29. Gilt Groupe denies the allegations of Paragraph 29 of the Complaint that are directed to Gilt Groupe. To the extent the allegations of Paragraph 29 are directed to a defendant other than Gilt Groupe, no response by Gilt Groupe is

required. To the extent a response is required, Gilt Groupe is without knowledge or information sufficient to form a belief with respect to the truth of the allegations of Paragraph 29.

## REQUEST FOR RELIEF

Gilt Groupe denies that Good Nite is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer, Gilt Groupe alleges the following affirmative defenses to the Complaint. Gilt Groupe reserves the right to add additional defenses as discovery proceeds in this litigation.

### First Affirmative Defense
### (Non-Infringement and Absence of Liability for Infringement)

30. Gilt Groupe has not infringed, contributorily infringed, and/or induced infringement of the ‘763 patent.

### Second Affirmative Defense
### (Patent Invalidity)

31. The claims of the ‘763 patent are invalid for failure to meet the conditions for patentability of 35 U.S.C. § 101 *et seq*., including, without limitation §§ 102, 103 and/or 112.

**Third Affirmative Defense**
**(Estoppel)**

32. Good Nite's Complaint is barred, in whole or in part, by the doctrine of estoppel.

**Fourth Affirmative Defense**
**(Notice)**

33. To the extent Good Nite seeks damages for alleged infringement prior to its giving actual or constructive notice of the patents-in-suit to Gilt Groupe, the relief sought by Good Nite is barred by 35 U.S.C. § 287.

**Fifth Affirmative Defense**
**(No Injunctive Relief)**

34. Good Nite is not entitled to any injunctive relief because any alleged injury to Good Nite is not immediate or irreparable, and Good Nite has an adequate remedy at law for any alleged injury.

**REMAINING AFFIRMATIVE DEFENSES**

35. Gilt Groupe has not knowingly or voluntarily waived any applicable affirmative defense, and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery and investigation.

## COUNTERCLAIM

36. Counterclaim-Plaintiff Gilt Groupe counterclaims against Counterclaim-Defendant Good Nite and alleges as follows:

### Parties

37. Keen is an Arizona Limited Liability Company, with a principal place of business located at 7404 W. Detroit Street, Suite 100, Chandler, Arizona 85226.

38. Gilt Groupe is a Delaware corporation with a principal place of business at 2 Park Avenue, 4th Floor, New York, New York 10016.

39. Good Nite alleges in its Complaint that it is a Georgia Limited Liability Company with its principal place of business in Atlanta, Georgia.

### Jurisdiction and Venue

40. This Counterclaim arises under Title 35 of the United States Code. The Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

41. This Court has personal jurisdiction over Good Nite because, *inter alia*, in filing the Complaint, Good Nite has submitted itself to the jurisdiction of the Court.

42. Venue is satisfied in this matter because, *inter alia*, Good Nite has sought the benefit of this forum for this litigation; however, a change of venue is appropriate under 28 U.S.C. § 1404.

43. A justifiable controversy exists between Gilt Groupe and Good Nite with respect to the invalidity and non-infringement of the claims of the '763 patent by virtue of the allegations contained in Good Nite's Complaint and Gilt Groupe's Answer thereto.

**First Count**
**(Declaration of Non-Infringement of the '763 Patent)**

44. Gilt Groupe incorporates herein by reference the allegations of Paragraphs 1 – 43 of this Answer, Affirmative Defenses and Counterclaim as if fully set forth herein.

45. Gilt Groupe is not infringing and has not infringed, contributed to the infringement, or induced the infringement of any valid claim of the '763 patent, whether literally or by equivalents.

46. Gilt Groupe is entitled to a declaration pursuant to 28 U.S.C. § 2201 that neither it nor its products infringe or has infringed, whether directly or indirectly, literally or by equivalents any claim of the '763 patent.

**<u>Second Count</u>**
**(Declaration of Invalidity of the ’763 Patent)**

47. Gilt Groupe repeats and realleges the allegations of the Paragraphs 1-46 of this Counterclaim as if set forth fully herein.

48. Each claim of the ’763 patent is invalid for failure to comply with the conditions and requirements for patentability under the patent laws of the United States, Title 35 U.S.C., including without limitation, 35 U.S.C. §§ 101 *et seq*.

49. Gilt Groupe is entitled to a declaration pursuant to 28 U.S.C. § 2201 that each of the claims of the ’763 patent is invalid.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Gilt Groupe prays for judgment in its favor and against the Counterclaim Defendant Good Nite as follows:

a. denying all relief sought by Good Nite in its Complaint;

b. dismissing with prejudice all claims against Gilt Groupe in Good Nite’s Complaint;

c. declaring that the each and every claim of the ‘763 is invalid;

d. declaring that Gilt Groupe has not infringed and does not infringe, whether directly or indirectly, literally or by equivalents, any valid claim of the ‘763 patent;

e. finding and declaring that this case is exceptional and awarding Gilt Groupe its costs, expenses, attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

f. granting such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Gilt Groupe demands a trial by jury of all issues triable of right by a jury.

Dated: June 10, 2011

s/ N. Andrew Crain
N. Andrew Crain
Georgia State Bar No. 193081
Eric G. Maurer
Georgia State Bar No. 478199
**THOMAS, KAYDEN, HORSTEMEYER & RISLEY, L.L.P.**
600 Galleria Parkway, S.E. Ste. 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
*Attorneys for Defendants Keen Distribution, LLC and Gilt Groupe, Inc.*

4339501

**CERTIFICATE OF SERVICE**

I certify that on June 10, 2011, an electronic copy of **ANSWER AND COUNTERCLAIMS OF GILT GROUPE, INC.** was caused to be upon the following attorneys of record via Electronic Filing with the N.D. Ga. Clerk of Court using the CM/ECF system:

Stephen R. Risley
Robert B. Dulaney III
SMITH RISLEY TEMPEL SANTOS LLC
Two Ravinia Drive, Suite 700
Atlanta, GA 30346
srisley@srtslaw.com
rdulaney@srtslaw.com

s/ N. Andrew Crain
Attorney for Defendants